UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

REINALDO MARTINEZ A.K.A.
SILO ROSARIO

VS. 05 112 S

Alberto Gonzales
UNITED STATES ATTORNEY GENERAL
and Condolezza Rice
SECRETARY OF STATE OF THE UNITED STATES

COMPLAINT FOR DECLARATION JUDGMENT OF UNITED STATES NATIONALITY

This is an action for declaration judgment pursuant to 8 USC §1503(A) and 28 USC §§2201 and 2202, arising out of conduct of Immigration and Naturalization Service in (1) denying plaintiff the right to be recognized as a national of the United States, (2) Allegations that plaintiff is an alien and subject to deportation and (3) reducing plaintiff status from National of United States as to that of alien.

And out of conduct of Secretary of State for denial of plaintiff right to a prompt consideration of his application for a passport.

JURISDICTION

(1) Jurisdiction of this action is based generally of 28 USC §1331(A) and 28 USCA §1391. Jurisdiction is expressly conferred on this court by 8 USC §1503(A).

PARTIES

(2) Plaintiff REinaldo Martinez Jr. A.K.A. Silo Rosario, is a citizen and national of the United States as hereinafter more fully appears, and is currently in custody of defendant Alberto Gonzales at the ADult Correctional Institution, Cranston, R.I.

(3) Defendant A. Gonzales is the duly appointed qualified confirmed and acting Attorney GEneral and head of the Department of Justice of the United States. As such, is charged with the administration of IMmigration and Nationalitity Act (INA) and all other laws relating to the Immigration and Naturalization of aliens, pursuant to 8 USCS §1103. Defendant maintains his offices as Attorney General in the District of Columbia.

(4) Defendant Rice is the SEcretary of State and head of the Department of State of the United States. AS such, is the official charged with granting and issuing application for passports under 8 USCS §1104. Defendant maintains his office in the District of Columbia.

FACTS

(5) Plaintiff was born on March 3, 1966 in Bayamon, Puerto Rico to REinaldo Martinez and Ana Luz Villegas, natural parents, who were not married at the time.

(6) At the time of plaintiff's birth, his natural mother was a citizen and national of the United States. Plaintiff's mother has never ceased to be a citizen of the United States, and holds this status at present time.

(7) At the time of Plaintiff's birth, his natural father was a citizen and national of the United States. Plaintiff's father has never ceased to be a citizen of the United States and holds this status at present time.

(8) At the time of plaintiff's birth, his mother resided in the United States Commonwealth of Puerto Rico and was continuously present in Bayamon, Puerto Rico before and after Plaintiff birthg.

(9) On March 11, 1966 Plaintiff's mother filed an acknowledgment of her maternity of Plaintiff in the Demographic

REgistry of Puerto Rico, thereby legitimizing plaintiff's birth accordance with the laws of Puerto Rico.

(10) ON November 4, 1993, plaintiff applied for a passport in accordance with the procedures specified in 22 USC §213.

(11) Defendant Rice never responded to Plaintiff's application for a passport and consequently forwarded a copy of plaintiff's application to defendant Gonzales designated subordinates at the Providence Rhode Island Immigration and Naturalization Services.

(12) ON July 2, 1994, Defendant Gonzales designated subordinates discovered the whereabouts of plaintiff.

Plaintiff was handcuffed and shackled and transferred to the INS headquarters in Providence, RI.

(13) At which time Plaintiff was questioned about his citizenship and was shown a picture of an alleged Reinaldo Martinez.

(14) Plaintiff submitted sufficient proof of United States Citizenship and indicated his birth name was Reinaldo Martinez born in Puerto Rico and that someone in New York was using his name.

(15) Shortly after, plaintiff was uncuffed and released from custody.

(16) ON April 4, 1995 plaintiff was arrested for possession of cocaine and misrepresented himself as Silo Rosario.

(17) ON JUne 3, 1996 defendant's designated subordinants placed an INS detainer on Plaintiff's release date.

( (18) On September 19, 2003 Plaintiff was paroled by State of Rhode Island to his INS detainer, ninety days release date.

(19) ON September 19, 2003 Plaintiff was paroled by the state of Rhode Island to his INS Detainer, ninety days release date.

(20) On August 7, 2002 Plaintiff indicated to his institutional counselor that his birth name was Reinaldo Martinez, an United States citizen who does not have an INS hold on him.

(21) Plaintiff's counselor and ACI investigator contacted the defendants at the Providence INS headquarters. Defendants indicated to the ACI that plaintiff was not Reinaldo Martinez nor a United States Citizen.

Relying on false statement given by defendants, that

that plaintiff was not REinaldo Martinez, the Rhode Island Department of Corrections disciplined the plaintiff for inpersonating himself as REinaldo Martinez.

(22) Plaintiff was found guilty, given 30 days segregation, 30 days loss good time and a down grade to a high security facility, 23 hours a day lock-up.

(23) On February 6, 2003, Plaintiff was handcuffed and shackled by defendants' designated subordinates and transferred to the Providence, RI INS headquarters.

(24) At which time, plaintiff was questioned about his citizenship by defendant's designated subordinates and accused of being a national of the Dominican Republic.

(25) Plaintiff never consented to the questioning, and sumitted enough proof of citizenship indicating that he was Reinaldo Martinez, United States Citizen, born in Puerto Rico.

(26) Plaintiff was again questioned by Special agent Richard M. Deasy and released.

(27) On February 12, 2003, defendant's designated subordinates indicated to plaintiff's parole counselor Edward Ziegler that plaintiff was an alien from the Dominican REpublic.

(28) ON April 21, 2003, defendant's designated subordinates questioned plaintiff about his citizenship, at which time defendent's designated subordinates used abusive language and threatened to have plaintiff's parole violated and to recommend that he never be let out of 23 hours a day lock-up unless plaintiff admits that he was a national of Dominican Republic.

(29) ON May 4, 2003 defendant's designated subordinates placed an INS detainer on plaintiff's release date.

(30) ON June 12, 2003 plaintiff's parole was violated. The parole board gave as reason that defendant's designated subordinates indicated to the chairperson of the board, Lisa Holley, that plaintiff was not Reinaldo Martinez, but indeed Silo Rosario, with a federal detainer back to Dominican REpublic.

(31) On June 16, 2003, defendant's designated subordinate questioned plaintiff about his citizenship, accompanied by one investigator from the investigator's unit.

(32) PLaintiff never consented to questioning. At this time he was shown one picture allegedly of his father. Plaintiff denied knowing the indivcidual in the picture, but was immediately threatened by defendant's designated subordinates to never be let out of segregation unless he confessed that he was Silo Rosario.

(33) IN fear for his safety and out of fear of never being let out of segregation, recommended by investigators, plaintiff agreed to be Silo Rosario.

(34) Following examination by defendant's designated subordinates, plaintiff received notification that he was being charged on the grounds that he was a national of Dominican REpublic, illegally in the United States.

## CLAIMS FOR RELIEF

(35) Defendant Rice' actions in denying plaintiff prompt consideration of his application for a passport is illegal null and void and of no effect, for the reasons that: The words right or privileges as a national of the United States cover a claimed citizen's application and the delay aforesaid constitutes a denial of such right.

(36) Defendants actions in denying plaintiff the right to be recognized as a national of the United States, constitutes a denial of rights and privileges as a national of the United States.

(37) Defendants allegations that plaintiff is an alien and subject to deportation constitutes a denial or rights and privileges as a national of the United States.

(38) IN view of defendant's actions as aforesaid, and plaintiff's contention that such action is illegal, null and void, there is an actual controversy within the jurisdiction of this court, and declaratory and injunctive relief will effectively adjudicate the rights of the parties.

WHEREFORE, PLAINTIFF REQUESTS THAT:

(1) Judgment be entered declaring plaintiff to be a citizen and national of the United States and that the charges filed against plaintiff alleging that he is an alien and subject to deportation is unlawful, null and void, and of no force and efect.

(2) Issue temporary restraining order and preliminary injunction pursuant to FRCP 65 suspending and restraining the defendants agents, servants, employees and attorneys and all persons acting with or through defendant, from taking plaintiff into custody or deporting him from the United States pending the final hearing and determination of this action.

Unless defendants are restrained and enjoined by order of this court, plaintiff will suffer immediate and irreparable injury, loss and damage as more fully described and set forth in the complaint filed herein.

(3) Issue a permanent injuction perpetually enjoining and restraining defendants, its officers, agents, employees, successors, attorneys and all those in active concern or participation with the conduct complained of herein.

(4) Defendants be ordered to grant plaintiff's application for a passport.

(5) The court grant such other further relief as it may be deemed necessary and proper.

DATE:

(Attach exhibits)

Respectfully,

Reinaldo Martinez

REINALDO MARTINEZ

6 PAGES OF 6

I, the undersighned Reinaldo Martinez a.k.a. Silo Rosario Plaintiff, being duly sworn under oath, read and subscribed to the set forth complaints and the information therein is true and correct.

Respectfully Submitted

Reinaldo Martinez

Reinaldo Martinez a.k.a.
Silo rosario

Sworn to before me on this 2nd day of March 2005.

Notary Public

my commision expires on 9/20/05

I the undersigned hereby certify that on this date of MArch-7 2005 I sent A true copy of this complaint to the named defendants at their main address: U.S. Department of State 2201 C street NW Washin-gton, DC 20520, and U.S. Department of Justice 95 Pennsylvania avenue NW Washinton ,DC 20530-0001

Respectfully Submitted.

Reinaldo Martinez

Reinaldo Martinez a.k.a.
Silo Rosario

P.O. Box 8200
Cranston, R.I. 02920