UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| REINALDO MARTINEZ, aka SILO ROSARIO, Plaintiff, | : | |
| v. | : | CA 05-112S |
| ALBERTO GONZALEZ and CONDOLEEZZA RICE, Defendants. | : | |

**ORDER**

Plaintiff Reinaldo Martinez, also known as Silo Rosario ("Plaintiff"), has filed a Complaint for Declaration Judgment of United States Nationality pursuant to 8 U.S.C. § 1503(a) and 28 U.S.C. §§ 2201-2202. He has also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

Although Plaintiff has filed the affidavit required by 28 U.S.C. § 1915(a), he has not filed a certified copy of his prisoner trust fund account statement as required by 28 U.S.C. § 1915(b). Accordingly, Plaintiff's request to proceed in forma pauperis is denied without prejudice. He may refile his request to proceed in forma pauperis when he has obtained a certified copy of his prisoner trust fund account statement (or institutional equivalent) from the appropriate official at the Adult Correctional Institutions and submitted it to the court.

Pursuant to the Prison Litigation Reform Act of 1995 ("the Act"), adopted April 25, 1996, and codified at 28 U.S.C. § 1915(b)(1), a prisoner seeking to file in forma pauperis must pay as an initial filing fee the greater of twenty percent (20%) of the average monthly deposits to his account or the average monthly balance for the six months prior to the filing of his petition. Subsequently, a prisoner must pay monthly twenty percent (20%) of the previous month's balance in his account. These payments shall be collected and forwarded by the ACI to the Clerk of the Court each time the amount in Plaintiff's prisoner

4

trust account exceeds $10.00, until the entire filing fee of $250.00[1] is paid in full. <u>See</u> 28 U.S.C. § 1915(b)(2).

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
March 24, 2005

BY ORDER:

Deputy Clerk

[1] As of February 7, 2005, the filing fee for a civil action increased to $250.00.

**American Digest System**

Fees and costs payable in federal court cases generally, see Federal Civil Procedure ⇐2721 et seq.

**Encyclopedias**

Fees and costs payable in federal court cases generally, see C.J.S. Federal Civil Procedure § 1273 et seq.
15A Am. Jur. 2d, Clerks of Court § 14.
9 Am. Jur. 2d, Bankruptcy § 377.
9 Am. Jur. 2d, Bankruptcy §§ 683-685.
9A Am. Jur. 2d, Bankruptcy §§ 638, 659, 869.
9B Am. Jur. 2d, Bankruptcy § 3247.
32 Am. Jur. 2d, Federal Practice and Procedure § 521.

**Forms**

12 Fed. Proc. Forms L Ed, Job Discrimination § 45:268.
4A Fed. Proc. Forms L Ed, Bankruptcy § 9:2641.

**Texts and Treatises**

16 Fed. Proc. L Ed, Habeas Corpus § 41:344.
5 Fed. Proc. L Ed, Bankruptcy §§ 9:231, 232, 585, 738.
5 Fed. Proc. L Ed Bankruptcy § 9:585.
8 Fed. Proc. L Ed, Courts and Judicial System § 20:421.
28 Fed. Proc. L Ed, Process § 65:39.
Bkr-L Ed, Code Commentary and Analysis § 11:107.
Bkr-L Ed, Summary §§ 5:32, 5:33, 6:305, 6:143.
Bkr-L Ed, Related Statutes and Rules § 64:38.
4 Soc Sec LP, Judicial Proceedings § 56:7.
4 Soc Sec LP, Judicial Proceedings §§ 55:66, 56:7.
8 RIA Employment Coordinator, Remedies ¶¶ EP-29,137; 29,230.

**NOTES OF DECISIONS**

n of fees 10

**10. Return of fees**

Losing litigant is not entitled to the return of his filing fees. Austin v. Vose, D.Mass.1999, 40 F.Supp.2d 487. Federal Civil Procedure ⇐ 2721

## § 1915. Proceedings in forma pauperis

(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

(b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—

(A) the average monthly deposits to the prisoner's account; or

(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

(3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment.



(4) In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

(c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

(d) The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.

(e)(1) The court may request an attorney to represent any person unable to afford counsel.

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

(A) the allegation of poverty is untrue; or

(B) the action or appeal—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

(f)(1) Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but the United States shall not be liable for any of the costs thus incurred. If the United States has paid the cost of a stenographic transcript or printed record for the prevailing party, the same shall be taxed in favor of the United States.

(2)(A) If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered.

(B) The prisoner shall be required to make payments for costs under this subsection in the same manner as is provided for filing fees under subsection (a)(2).

(C) In no event shall the costs collected exceed the amount of the costs ordered by the court.

(g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

(h) As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

(June 25, 1948, c. 646, 62 Stat. 954; May 24, 1949, c. 139, § 98, 63 Stat. 104; Oct. 31, 1951, c. 655, § 51(b), (c), 65 Stat. 727; Sept. 21, 1959, Pub.L. 86-320, 73 Stat. 590; Oct. 10, 1979, Pub.L. 96-82, § 6, 93 Stat. 645; Dec. 1, 1990, Pub.L. 101-650, Title III, § 321, 104 Stat. 5117; Apr. 26, 1996, Pub.L. 104-134, Title I, § 101[(a)] [Title VIII, § 804(a), (c), to (e)], 110 Stat. 1321-73, 1321-74, 1321-75; renumbered Title I May 2, 1996, Pub.L. 104-140, § 1(a), 110 Stat. 1327.)

**HISTORICAL AND STATUTORY NOTES**

**Amendments**

**1996 Amendments.** Subsec. (a). Pub.L. 104-134, § 101[(a)][§ 804(a)(1)], designated existing text as pars. (1) and (3), in par. (1) as so designated, in addition to making provisions gender neutral, added reference to subsec. (b), substituted references to fees and such fees for references to fees and costs and such costs, substituted reference to person who submits an affidavit that includes a statement of all assets