IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| REINALDO MARTINEZ, | ) | |
| a/k/a SILO ROSARIO [A73 522 467] | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | C.A. No. 05-112S |
| | ) | |
| ALBERTO GONZALES, ATTORNEY | ) | |
| GENERAL, ET AL. | ) | |
| Respondent | ) | |

**RESPONDENTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

## I. INTRODUCTION

Petitioner, Reinaldo Martinez, AKA Silo Rosario ("Petitioner" or "Rosario"), has moved this Honorable Court for a writ of habeas corpus, in which he seeks entry of a judgment "declaring plaintiff to be a citizen and national of the United States and that the charges filed against plaintiff alleging that he is an alien and subject to deportation is (sic) unlawful, null and void, and of no force and efect (sic)".[1] Rosario also seeks injunctive relief, preventing defendant from taking him into custody or deporting him. This petition is improper and should be dismissed. He is not in the custody of the United States or any of its officials. Additionally, he has named improper parties, has failed to properly serve either the named parties or the proper parties, and has not exhausted his administrative remedies. Rosario admits that he is not in the

[1] Although Rosario terms his action a "Complaint for Declaration Judgment of United States Nationality," the Court treats it as a motion under 28 USC 2241 for writ of habeas corpus. Respondents treat the motion similarly. See undated order of this Court directing the Government to respond before April 20, 2005.

custody of the United States in his request for injunctive relief preventing the United States from taking him into custody. See Petition, p. 6.

## II. BACKGROUND AND ALLEGATIONS

Rosario is a 33 year old native and citizen of the Dominican Republic, who has filed a pro se petition for a writ of habeas corpus. On May 20, 1996, Rosario was convicted in the Superior Court of Providence County of Possession with Intent to Deliver Cocaine, in violation of the Rhode Island General Laws, and sentenced to serve a term of nearly 11 years. His scheduled release date is May 9, 2007.[2] Although Rosario suggests that he is subject to a deportation order, he is mistaken. Removal proceedings have not been instituted against him.

In addition to his conviction for cocaine/intent to deliver, Rosario has a lengthy criminal record, which includes the following additional convictions in Providence, Rhode Island:

(1) September 24, 1993, conviction for possession of marijuana, 1 year suspended sentence;

(2) December 12, 1994 conviction for assault with a dangerous weapon/piston, 3 year suspended sentence;

(3) April 26, 1995 conviction for domestic assault, 10 year sentence; and

(4) May 20, 1996 conviction for escape, 10 year sentence.

The Department of Homeland Security, Bureau of Immigration and Customs Enforcement (ICE), has not commenced removal proceedings against Rosario[3]. It merely issued

---

[2] On information, if Rosario were to be released for "good time", the earliest possible release date would be May 20, 2005.

[3] On March 1, 2003, the Immigration and Naturalization Service (INS) was abolished and its functions were transferred from the Department of Justice to the Department of Homeland Security. The Bureau of Immigration and Customs Enforcement is the agency within the Department of Homeland Security that is responsible for the enforcement functions previously

a detainer to bring him into its custody, upon completion of his state sentence. A copy of the detainer is attached to this memorandum as Exhibit A.

Rosario has named Alberto Gonzalez, Attorney General of the United States and Condaleeza Rice, Secretary of State as respondents in the instant action.

## III. SUMMARY OF ARGUMENT

Respondents move to dismiss the Petition for lack of subject matter jurisdiction. Rosario is in the custody of the ACI, not in the custody of the Federal Government; and has named improper parties. Additionally, respondents move to dismiss for lack of process and service of process, as he has failed to properly serve either the named parties or the proper parties. Finally, Rosario has failed to exhaust his administrative remedies.

## IV. STANDARD OF REVIEW

"[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993), cert. denied, 114 S.Ct. 82 (1993). Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant- [respondent] may move to dismiss an action if the district court does not have subject matter jurisdiction over the claim.

Challenges to a court's subject-matter jurisdiction fall into two general categories; facial attacks and factual attacks. A facial attack challenges the sufficiency of the pleading itself. Factual attacks, on the other hand, challenge the court's very power to hear the case, the existence of subject-matter jurisdiction. Ruff v. Runyon, 60 F. Supp.2d 738 (N.D. Oh. 1999), citing United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). When the attack is factual:

---

entrusted to the INS.

> the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Moreover, the plaintiff has the burden to prove the existence of jurisdiction. General Contracting and Trading v. Interpole, 899 F.2d 109, 114 (1st Cir. 1990); RMI Titanium Co. v. Westinghouse Electric Corp., 78 F.3d 1125, 1134 (6th Cir. 1996).

In reviewing factual attacks, a court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case". Ritchie, 15 F.3d at 592. Accord Gordon v. National Youth Work Alliance, 675 F.2d 356, 362-63 (D.C.Cir. 1982). A court has great latitude to make such factual findings when deciding a motion challenging its subject-matter jurisdiction. Rivera-Flores v. Puerto Rico Telephone Company, 64 F.3d 742, 748 (1st Cir. 1995). This motion presents a factual attack upon the court's subject-matter jurisdiction.

## V. ARGUMENT

### A. ROSARIO IS NOT IN THE CUSTODY OF THE UNITED STATES

The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment. Absent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ. Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988). The filing of a detainer is an informal process advising prison officials that a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release. Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990), citing United States v. Shahryar, 719 F.2d 1522, 1524, n.3 (11th Cir. 1983). See also, Campillo at 595 ("The detainer, however, does not purport to effect

Campillo's status as a sentenced federal offender, but merely notifies prison officials that a decision regarding his deportation will be made by the INS at some future date"). In this case, the detainer specifically indicates that an "[i]nvestigation has been initiated to determine whether this person is subject to removal from the United States." Exhibit A.

Although Rosario does not specifically mention the detainer in his petition, he requests injunctive relief, which would prevent respondents "from taking plaintiff into custody or deporting him from the United States pending the final hearing and determination of this action."

The filing of a detainer, standing alone, does not cause a petitioner to come within the custody of the INS. Orozco, at 540 ("The INS indicates that it will take Orozco into custody after he is released from state prison and then begin deportation proceedings." Emphasis in original). Virtually every jurisdiction which has addressed the issue has concluded that an INS detainer does NOT satisfy the "in custody" requirement. See, e.g., Lepez-Mejia v. INS, 798 F. Supp. 625, 627 (C.D. Cal. 1992); Prieto v. Gluch, 913 F.2d 1159, 1162-64 (6th Cir. 1990); Orozco v. INS, 911 F.2d 539, (11th Cir. 1990); Mohammed v. Sullivan, 866 F.2d 258 (8th Cir. 1989); Campillo v. Sullivan, 853 F.2d 593 (8th Cir. 1988); United States ex. rel. Marcello v. District Director of INS, 634 F.2d 964 (5th Cir. 1981); Topazov v. INS, 929 F. Supp. 479 (D.D.C. 1996); Thompson v. INS, 941 F. Supp. 30 (W.D.N.Y. 1996); Deutsch v. INS, 943 F. Supp. 276 (W.D.N.Y. 1996); Kaur v. Connery, 1993 WL127213 (S.D.N.Y. 1993); Esguerra v. United States, 1993 WL 121789 (N.D. Cal. 1993); Soler v. INS, 749 F. Supp. 1011 (N.D. Ariz. 1990); D'Ambrosio v. INS, 710 F. Supp. 269 (N.D. Cal. 1989).

As noted above, the detainer issued by the ICE to the ACI regarding Rosario is insufficient to bring him within the custody of the ICE, and his petition must be dismissed.

**B. ROSARIO HAS NAMED IMPROPER RESPONDENTS**

Respondents, in support of their motion to dismiss, assert the lack of *in personam* jurisdiction. It is now settled in this Circuit under Vasquez v. Reno, et al., 233 F.3d 688 (1st Cir. 2000), that the immigration official with day-to-day control over and custody of the alien is the only proper respondent in a habeas action brought by an alien, rather than agencies or agency heads. In Vasquez, the First Circuit said, "the Attorney General is neither the custodian of such an alien in the requisite sense nor the proper respondent to a habeas petition, " Id. at 689, and found that it lacked personal jurisdiction over the only proper respondent (*i.e.*, the INS official who directly supervises the detention facility where the alien is detained). Id. at 690. "The case cannot proceed due to the petitioner's failure to name his true custodian as the respondent to his petition." Id. at 690.

In this case, Rosario, who is detained in Rhode Island, has named Attorney General Alberto Gonzalez and Secretary of State Condaleeza Rice, as respondents. However, the individual with custody over the facility where Pereira is detained is A. T. Wall, Director of the Department of Corrections, State of Rhode Island.[4] Even if Rosario were in Federal custody, which he is not, he would have to have named Bruce Chadbourne, Field Office Director, ICE, as respondent. Personal jurisdiction over the custodian requires "the presence of the custodian within the territorial confines of the district court." United States v. DiRusso, 535 F.2d 673, 676 (1st Cir. 1976) (acknowledging "minimum jurisdictional requisite of the presence of the custodian within the territorial confines of the district court").

---

[4] If Rosario had wanted to name a United States official in this action, the proper respondent would have been Bruce Chadbourne, Field Office Director for the Bureau of Immigration and Customs Enforcement (BICE).

This controlling First Circuit precedent supports respondent's motion to dismiss for lack of *in personam* jurisdiction over the true custodian of the petitioner.

**C. ROSARIO HAS FAILED TO PROPERLY SERVE THE UNITED STATES**

Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure provide for dismissal of an action for insufficiency of process and insufficiency of service of process, respectively. Rule 4(i) of the Rules specifies the manner of service upon the United States. Because Rosario failed to serve the United States Attorney as required by the Rules, his petition should be denied.

**D. ROSARIO'S CITIZENSHIP CLAIM IS IMPROPERLY RAISED BEFORE THIS COURT**

Even if this Court were to consider Rosario's claim for citizenship, it would have to be dismissed as prematurely raised. The claim must, in the first instance be raised before the agency, so that a record is developed. The agency has not yet had an opportunity to address Rosario's citizenship claim.

There is a "long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938); see also Brennan v. King, 139 F.3d 258, 267, n.11 (1st Cir. 1998) ("Exhaustion doctrine – generally confined to the administrative arena — requires that administrative processes be invoked before requesting judicial relief."); Thomas v. INS, 976 F.2d 786, 789 (1st Cir. 1992) (failure to raise argument before the Board constitutes failure to exhaust administrative remedies and precludes review). See also, Sayyah v. Farquharson, 382 F.3d 20, 23 (1st Cir. 2004)(applying exhaustion requirement to immigration habeas petition).

Several important rationales support the judicial policy requiring exhaustion. Prominent among them is the avoidance of premature interruption of the administrative process. As the Supreme Court has explained:

> The agency, like a trial court, is created for the purpose of applying a statute in the first instance. Accordingly, it is normally desirable to let the agency develop the necessary factual background upon which decisions should be based. And since agency decisions are frequently of a discretionary nature or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that exercise.

McKart v. United States, 395 U.S. 185, 193-94 (1969).

Even where exhaustion of administrative remedies is not statutorily required, exhaustion may be imposed within the exercise of judicial discretion. McCarthy v. Madigan, 503 U.S. 140, 146 (1992) ("[T]he exhaustion doctrine recognizes the notion, grounded in deference to Congress'[s] delegation of authority to coordinate branches of Government, that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer."). See also United States v. Sing Tuck, 194 U.S. 161, 168-70 (1904) (exhaustion required before seeking relief via habeas corpus); Beharry v. Ashcroft, 329 F.3d 51 (2d Cir. 2003); and Hernandez v. Reno, 238 F.3d 50, 55 (1st Cir. 2001). In this case, the agency has not yet had the opportunity to hear Rosario's claim of citizenship and develop a record for this Court to review, and his claim must therefore be dismissed.

## VI. CONCLUSION

For the foregoing reasons, this Court should dismiss the habeas corpus petition.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER (#3415)
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 528-5477

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of April, 2005, a copy of the within was served by first class mail, postage pre-paid as follows:

Silo Rosario, aka Reinaldo Martinez
P.O. Box 8200
Cranston, R. I. 02920

Nancy A. DiQuinzio

FILED