UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

REINALDO MARTINEZ, a.k.a. :
SILO ROSARIO, :
Petitioner, :
v. :
: CA 05-112S
ALBERTO GONZALEZ and :
CONDOLEEZZA RICE, :
Respondents. :

**MEMORANDUM AND ORDER**
**GRANTING MOTION TO APPOINT COUNSEL**

Before the court is Petitioner's Motion to Appoint Counsel (Document #8). Petitioner states that he is not a lawyer and has no formal knowledge of the law; that as a result he cannot fully represent and argue the issues to be presented to the court for consideration; that there are complex factual and legal issues before the court; and that without appointment of counsel alleged violations of his constitutional rights will go unredressed. See Motion to Appoint Counsel.

There is no constitutional right to counsel in habeas corpus proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987); Ellis v. United States, 313 F.3d 636, 652 (1st Cir. 2002). Nevertheless, section 3006A allows for the appointment of counsel in a habeas corpus action "[w]henever the United States magistrate judge or the court determines that the interests of justice so require ...." 18 U.S.C.A. § 3006A(a)(2)(B) (2003). In making the discretionary determination whether to appoint counsel, "a court must examine the total situation, focusing, *inter alia*,[1] on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Manisy v. Maloney, 283 F.Supp.2d 307, 317 (D. Mass 2003)(quoting DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991)). However, "the court must first decide if the petitioner has presented a nonfrivolous claim and if the

[1] "Inter alia" means "among other things."

9

appointment of counsel will benefit the petitioner and the court." Davias v. Merrimack County Super. Ct., No. CIV. 92-245-SD, 1994 WL 260614, at *2 (D.N.H. May 9, 1994)(internal quotation marks omitted). If the petition is frivolous or clearly without merit, counsel should not be appointed. See Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994).

Upon review of this matter, the court finds that the appointment of counsel would assist the court in resolving complex procedural, factual, and legal issues raised by Petitioner's filing.[2] Accordingly, the Motion to Appoint Counsel is GRANTED.

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
April 14, 2005

BY ORDER:

Deputy Clerk

[2] The complexity of this matter is demonstrated by the fact that two judges of the court reached different conclusions as to the nature of Petitioner's filing. See Order Denying Motion to Proceed in Forma Pauperis (Document #6) at 1 n.1.