George J. West, Esq.
One Financial Plaza - Suite 1500
Providence, RI 02903
Tel. 401-861-9042
Fax 401-861-0330

Attorney for Petitioner

RECEIVED
MAY 24 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| REINALDO MARTINEZ, A.K.A., SILO ROSARIO, | Case No.: C.A. 05-112S |
| Petitioner, | MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR TEMPORARY RESTRAINING ORDER |
| and | |
| ALBERTO GONZALES, UNITED STATES ATTORNEY GENERAL et al., | |
| Respondent | |

The petitioner, Reinaldo Martinez Jr., A.K.A., Silo Rosario, is a citizen and national of the United States. He was born on March 3, 1966 in Bayamon Puerto Rico. He brings this request for temporary restraining order to restrain and enjoin the United States's Bureau of Immigration and Customs Enforcement an Agency within the Department of Homeland Security from detaining him beyond his release date of May 21, 2005 from the custody of the state of Rhode Island. (See exhibit a attached hereto copy

15

of letter from the Department of corrections)[1] This court has determined to treat the within action as a petition for habeas corpus pursuant to 18 USC § 2241. The United States moved to dismiss the action under that section. The action is properly brought pursuant to 18 USC §2241.[2] In Frank vs. Rogers 253 F. 2d 889,892 102 U.S. App. D.C. 367 (D.C. Cir. 1958) "In habeas corpus, as we have noted, the issue of the citizenship of a person sought to be deported has always been subject to inquiry, and on such an issue the petitioner in habeas corpus is entitled to a judicial trial de novo. Ng Fung Ho v. White,259 U.S. 276, 42 S. Ct. 492, 66 L.Ed. 938 (1922), and Kessler v. Strecker 307 U.S. 22, 35, 59 S.Ct. one3 L.Ed. 1082 (1939) See also Rivera v. Ashcroft 394 F.3d 1129,1140 (9th Cir. 2004,2005 amended)

---

[1] While the United States takes exception to the naming of the Attorney General as the party in this matter; references made to exhibit A, of the Respondents Memorandum in Support of Motion to Dismiss, which is a copy of the immigration detainer lodged against the petitioner. Said immigration detainer is in the name of the Immigration and Naturalization Service and is on form I - 247 and it was the only document available to the defendant at the time of drafting his pleadings showing why he was to be detained past his release date.

[2] See order granting motion to appoint counsel entered by United States Magistrate Judge David L. Martin dated April 14, 2005 appointing counsel in habeas corpus proceeding as well is undated order of the District Court requiring the government to respond before April 20, 2005.

upholding District Court jurisdiction to entertain Habeas Corpus petition and trial de novo on issue of citizenship. See also Minasyan v. Gonzales 401 F.3d 1069, 1074 (9th Cir. 2004)upholding Circuit Court review of question of citizenship and potential remand to District Court for questions of fact thereon. Exhaustion of remedies in the administrative process is not required in the context asserting United States citizenship in Habeas matter. Frank vs. Rogers 253 F. 2d 889,892 102 U.S. App. D.C. 367 (D.C. Cir. 1958)[3] In Minasyan v. Gonzales 401 F.3d 1069, *1074 -1075 (C.A.9,2005)the court held:

---

[3] In habeas corpus, as we have noted, the issue of the citizenship of a person sought to be deported has always been subject to inquiry, and on such an issue the petitioner in habeas corpus is entitled to a judicial trial de novo. Ng Fung Ho v. White, supra; Kessler v. Strecker, supra, 307 U.S. at page 35, 59 S.Ct. at page 700. [FN4] The present suit is not, of course, a petition for habeas corpus: it seeks review under Section 10 of the Administrative Procedure Act. But clearly the same considerations should govern. The Supreme Court has held that habeas corpus is not the sole remedy available to an excluded alien under the 1952 Act: he can bring suit for a declaratory judgment under Section 10 of the Administrative Procedure Act, and can secure relief of the same scope on the merits as habeas corpus would provide. Brownell v. We Shung, 1956, 352 U.S. 180, at pages 183-184, 286, 77 S.Ct. 252, 1 L.Ed.2d 225. Parity of reasoning calls for a similar result in deportation cases. See Rubinstein v. Brownell, 1953, 92 U.S.App.D.C. 328 206 F.2d 449, affirmed by an equally- divided Court, 1954, 346 U.S. 929, 74 S.Ct.

For a court to review a final order of removal an alien must typically exhaust all administrative remedies available to the alien as of right. 8 U.S.C. § 1252(d)(1); *see Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that § 1252 "generally bars us, for lack of subject-*1075 matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below"). However, a claim to citizenship need not be exhausted. *Rivera v. Ashcroft,* 394 F.3d 1129 (9th Cir.2005). [FN9] As we explained in *Rivera:*

FN9. In *Taniguchi v. Schultz,* 303 F.3d 950 (9th Cir.2002), we declined to consider a patently frivolous claim to citizenship. *See Rivera,* 394 F.3d at 1138 (distinguishing *Taniguchi* ).

The executive may deport certain aliens but has no authority to deport citizens. An assertion of U.S. "citizenship is thus a denial of an essential jurisdiction fact" in a deportation proceeding. *Ng Fung Ho v. White,* 259 U.S. 276, 284, 42 S.Ct. 492, 66 L.Ed. 938 (1922); *see also Frank v. Rogers,* 253 F.2d 889, 890 (D.C.Cir.1958) ("Until the claim of citizenship is resolved, the propriety of the entire proceeding is in doubt.").
*Id.* at 1136. As in *Rivera,* if the government's argument that exhaustion is required were correct, **"it would be possible to unintentionally relinquish U.S. citizenship.... The Constitution does not permit American citizenship to be so easily shed."** *Id.* Thus, "[t]he statutory administrative exhaustion requirement of § 1252(d)(1) does not apply" to "a person with a non-frivolous claim to U.S. citizenship" even if he has previously been (illegally) deported by the government. *Id.* at 1140. *See also Moussa v. INS,* 302 F.3d 823, 825 (8th Cir.2002) (holding that the exhaustion requirement of § 1252(d)(1) applies "only to an 'alien' " "challenging a final order of removal" and not to " 'any person.' "). Because Minasyan's claim to citizenship is not patently frivolous, we have jurisdiction to review it,

---

319, 98 L.Ed. 421; United States ex rel. Brzovich v. Holton, 7 Cir., 1955, 222 F.2d 840. Cf. Cruz-Sanchez v. Robinson, 9 Cir., 1957, 249 F.2d 771.

Frank v. Rogers 253 F.2d 889, *892, 102 U.S.App.D.C. 367, **370 (C.A.D.C. 1958)

> irrespective of whether he has exhausted his claim before the agency.
> (bold added)

In the order granting appointment of counsel the Magistrate Judge states clearly his first review was to determine whether the petitioner presented a nonfrivolous claim prior to appointing counsel. Here counsel was duly appointed.[4]

The petitioner's official release date was May 21, 2005 and he has an Immigration Detainer lodged with an A# 73522467. Pursuant to information and belief the petitioner will be sent to immigration court on this day Monday, May 23, 2005. Further it is believed he has been ordered detained at the Wyatt Detention Facility. He is therefore in the custody of immigration officials at this time.

Pursuant to the petitioner's complaint in this matter the petitioner has sought relief from the detainer lodged against him and a declaration that he is a citizen of the United States. Such relief is available to him pursuant to this proceeding. However he will suffer irreparable harm and loss of liberty due to the detainer and immigration proceedings pending at this time and the failure of the Bureau to recognize his citizenship and its lack of jurisdiction over him. As detailed in the complaint the petitioner has been repeatedly deprived of important rights

---

[4] The government has objected to said appointment, but in the view of one judicial officer the petitioner has presented a non-frivolous claim.

because of the Bureau's position that he is not a citizen; the last of which was the revocation of his parole based on information supplied the parole board calling into question the petitioner citizenship and identity. The petitioner has supplied copies of his birth certificate from Puerto Rico as well as the names of his parents. In May of 2003 the government on forms in the name of the Immigration and Naturalization Service brought a petition for removal against the petitioner. There is no reason to believe that they will not proceed on said petition at this time. In that petition the government alleges that the petitioner is a native of the Dominican Republic. The government continues to persist in such assertion notwithstanding the material supplied to the government by the petitioner pursuant to the attachment to the plaintiff's complaint. Officials at the adult correctional institution were able to receive a demographic registry document from Puerto Rico verifying the authenticity of the birth certificate attached to the complaint and the petitioner's father's name, to wit: Reinaldo Martinez.

Upon information belief in February of 2003 during a time when he was released to the community the petitioner was questioned by agents of the INS in the person of Richard M. Deasy and released. It is therefore submitted that while the question of citizenship is resolved the government would be

hard-pressed to object to the defendant's release pending that matter given that they have previously released him from custody. It is therefore respectfully submitted that the balance of the interests weighs in favor of the petitioner's liberty. It is further submitted that that the petitioner has demonstrated that his claim is not frivolous and that there is a strong likelihood that he will prevail on the merits of the petition. Petitioner therefore seeks that the court will enter an order restraining and joining the respondent United States government including the appropriate detaining official of the Bureau of Immigration and Customs Enforcement from detaining him in connection with the pending petition for removal.

Dated this 23rd day of May, 2005

One Financial Plaza
- Suite 1500
Providence, RI 02903
Tel. 401-861-9042
Fax 401-861-0330
George J. West, Esq.

Certificate

I hereby certify I faxed a copy of the foregoing to Robin Feder, Esq. assisting United States attorney, fleet center 50 Kennedy Plaza, eighth floor Providence, RI 02903 this 23rd day of May 2005.

***STATE OF RHODE ISLAND***
***DEPARTMENT OF CORRECTIONS***
***RECORDS UNIT***

*May 20, 2005*

*George West*
*Attorney at Law*
*(401)861-9042 Office* *(401)861-0330 Fax*

*RE: Silo Rosario DOB: 12/21/73 ID# 95025*
*(aka) Silo Gill, Reynaldo Martinez*

*The sentence on the above inmate expires on May 21, 2005. He has an Immigration Detainer with an A# of 73 522 467, which was lodged at the Adult Correctional Institute (ACI) on June 4, 2003. He will be sent to Immigration Court on Monday May 23rd. The contact for Immigration is Greg Mercurio. Greg can be reached at 528-5532 ext 237.*

*If I can be of further assistance, please contact me in the Records Unit.*

*Sincerely,*

*Eliza Bajakian*
*Data Entry Unit Supervisor 1:00pm – 8:30pm*
*Intake Service Center*
*PO Box 8249*
*Cranston, RI 02920*
*(401) 462-3936*