**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| REINALDO MARTINEZ, a/k/a SILO ROSARIO [A73 522 467] Petitioner | ) | |
| v. | ) | C.A. No. 05-112S |
| ALBERTO GONZALES, ATTORNEY GENERAL, ET AL. Respondent | ) | |

**RESPONDENTS' OBJECTION TO REQUEST FOR TEMPORARY RESTRAINING ORDER**

Respondent objects to the petition for temporary restraining order, for the reasons set forth in the attached memorandum of law.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER (#3415)
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 528-5477



16

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 23d day of May, 2005, a copy of the within was served by hand delivery, as follows:

George West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| REINALDO MARTINEZ,<br>a/k/a SILO ROSARIO [A73 522 467]<br>Petitioner | ) | |
| v. | ) | C.A. No. 05-112S |
| ALBERTO GONZALES, ATTORNEY<br>GENERAL, ET AL.<br>Respondent | ) | |

**RESPONDENTS' MEMORANDUM IN SUPPORT OF ITS OBJECTION TO REQUEST FOR TEMPORARY RESTRAINING ORDER**

Petitioner, Reinaldo Martinez, AKA Silo Rosario ("Petitioner" or "Rosario"), has moved this Honorable Court for a writ of habeas corpus, in which he seeks entry of a judgment "declaring plaintiff to be a citizen and national of the United States and that the charges filed against plaintiff alleging that he is an alien and subject to deportation is (sic) unlawful, null and void, and of no force and efect (sic)".[1] Rosario also seeks injunctive relief, preventing defendant from taking him into custody or deporting him. This petition is improper and should be dismissed, for the reasons set forth in the motion to dismiss, filed with the Court on April 8, 2005.

Petitioner's most recent request is for a temporary restraining order. It should be denied. Section 236(c) of the INA, 8 U.S.C. § 1226(c), mandates temporary detention of aliens convicted

[1] Although Rosario terms his action a "Complaint for Declaration Judgment of United States Nationality," the Court treats it as a motion under 28 USC 2241 for writ of habeas corpus. Respondents treated the motion similarly. See undated order of this Court directing the Government to respond before April 20, 2005.

of specified criminal offenses, including aggravated felony crimes, pending their removal proceedings.[2] The provision states, in relevant part, that "[t]he Attorney General shall take into custody any alien who ... is deportable by reason of having committed [specified criminal offenses] ... when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense." 8 U.S.C. § 1226(c)(1)(B). See also, Demore v. Kim, 538 U.S. 510, 531 ("Detention during removal proceedings is a constitutionally permissible part of that process."). There is no exception in the statute for those who claim to be United States citizens, whether through derivative citizenship, or otherwise. See, e.g., McKenzie v. INS, 2004 WL 3019439 (E.D.Pa. 2004). Moreover, the agency has evidence that petitioner is a citizen of the Dominican Republic. See, attached Memorandum of Investigation and Record of Deportable/Inadmissible Alien. Petitioner's recourse is to raise his citizenship claim in the administrative forum, as a defense to his removal proceedings.

The cases relied on by petitioner are inapposite. They are cases in which the agency has already rendered a final order of removal, including a decision on the issue of citizenship. Additionally, they do not address the issue of detention during the administrative proceedings. When his administrative proceedings are final, and there is a decision on the claimed citizenship

---

[2] Specifically, INA section 236(c) requires the Attorney General to detain during removal proceedings aliens described by 8 U.S.C. §§ 1226(c)(1)(A)-(D), except in the relatively rare situation where release is "necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of [such a person], and the alien [demonstrates] that [he] will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding." 8 U.S.C. § 1226(c)(2).

defense, petitioner may file a petition for review with the First Circuit[3].

//

[3] On May 11, 2005, the President signed into law the Real ID Act of 2005 (Real ID Act or Act), Pub. L. No. 109-13, Div. B, 119 Stat. 231, 302. Section 106(a) of the Real ID Act eliminates habeas corpus review of final orders of removal, and makes clear that the sole means of obtaining judicial review of a final order of removal is through a petition for review in the court of appeals pursuant to 8 U.S.C. 1252(a). In particular, the Real ID Act adds a new provision, codified at 8 U.S.C. 1252(a)(5), which states:

> EXCLUSIVE MEANS OF REVIEW -- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 18, United States Code, or any other habeas corpus provision, * * * a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal issued or entered under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision * * * .

Real ID Act § 106(a)(1)(B), 119 Stat. 310.

While the Real ID Act eliminates habeas corpus review of final orders of removal and prescribes that judicial review is available only through a petition for review in the courts of appeals, the Act also expands the jurisdiction of the courts of appeals to hear petitions for review. Prior to the Real ID Act, aliens who had been ordered removed based on their conviction of an aggravated felony were jurisdictionally barred from obtaining direct review of their removal orders in the courts of appeals. See 8 U.S.C. 1252(a)(2)(C) (2000). The Real ID Act amends the law by allowing all aliens, including aliens whose removal orders are predicated on their conviction of an aggravated felony, to file a petition for review in the appropriate court of appeals raising legal challenges to a final order of removal. See Real ID Act § 106(a)(1)(A)(iii), 119 Stat. 310 (adding new 8 U.S.C. 1252(a)(2)(D)).

For all of the foregoing reasons, the request for injunctive relief should be denied, and the petition dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER (#3415)
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 528-5477

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 23d day of May, 2005, a copy of the within was hand-delivered as follows:

George West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903

**U.S. Department of Justice**
**Immigration and Naturalization Service**

**MEMORANDUM OF INVESTIGATION**

| File Number | Title: | Control Office |
|---|---|---|
| A73 522 467 | ROSARIO, Silo | PRO |

This subject was served an NTA, in person, on 6-17-03 at 11:20 AM at the High Security Unit of the RI Adult Correctional Institution. During the service of this NTA, this subject admitted to being a citizen of the Dominican Republic and that he had entered the US without inspection through Puerto Rico in 1992. This statement was made in front of this Agent, SSA Danny Sendroff (BICE) and ACI Investigator Ray Lawson. This subject admits that the DR Birth Certificate in this file relates to him and was apologetic for his numerous false claims to US Citizenship. This subject expressed a desire to be deported to the DR as soon as possible.

| Investigator | Date |
|---|---|
| Cort Burke | 6-17-03 |

Form G-166C (7-1-83)

U.S. Department of Justice
Immigration and Naturalization Service

# Record of Deportable/Inadmissible Alien

| | | | |
|---|---|---|---|
| Family Name (CAPS) / First / Middle: ROSARIO-Gil, Silo | | Sex: M | Hair: BLK |
| Country of Citizenship: DOMINICAN REPUBLIC | Passport Number and Country of Issue: | File Number: Case No: PRO0306000011 A073 522 467 | Eyes: BRO / Cmplxn: DRK |
| U.S. Address: IN SERVICE CUSTODY | | Height: 68 | Weight: 125 / Occupation: |
| Date, Place, Time, and Manner of Last Entry: Unknown Date, Unknown Time, UNK, UNKNOWN | Passenger Boarded at: | Scars and Marks: See Narrative | |
| Number, Street, City, Province (State) and Country of Permanent Residence: | | F.B.I. Number: 479239XA2 | ☐ Single ☐ Divorced ☐ Married ☐ Widower ☐ Separated |
| Date of Birth: 12/20/1971 Age: 31 | Date of Action: 06/04/2003 | Location Code: BOS/PRO | Method of Location/Apprehension: CAP 511.2.1 |
| City, Province (State) and Country of Birth: DR, DOMINICAN REPUBLIC | AR ☒ Form: (Type and No.) Lifted ☐ Not Lifted ☐ | At/Near: Providence, RI | Date/Hour: 06/04/2003 0000 |
| NIV Issuing Post and NIV Number: | Social Security Account Name: | By: CORT BURKE | |
| Date Visa Issued: | Social Security Number: 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 | Status at Entry: PWA Other | Status When Found: IN INSTITUTION |
| Immigration Record: NEGATIVE | Criminal Record: None known | Length of Time Illegally in U.S.: OVER 1 YEAR | |
| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate): | | Number and Nationality of Minor Children: | |
| Father's Name, Nationality, and Address, if Known: ROSARIO, Domingo Nationality: DOMINICAN REPUBLIC | Mother's Present and Maiden Names, Nationality, and Address, if Known: GIL, Irene Altagracia Nationality: DOMINICAN REPUBLIC DOMINICAN REPUBLIC | | |
| Monies Due/Property in U.S. Not in Immediate Possession: | Fingerprinted? Yes ☒ No ☐ | INS Systems Checks: IBIS Positive | Charge Code Word(s): See Narrative |
| Name and Address of (Last)/(Current) U.S. Employer: | Type of Employment: | Salary: Hr. | Employed from/to: |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

SCARS, MARKS AND TATTOOS
None Indicated

CHARGE CODE WORD(S)
I6A
I2C
I6C2

Narrative Title: Record of Deportable/Excludable Alien
Narrative Created by BURKE

This subject is a native and citizen of the DR who has been a false claim USC since 1993. This subject claimed to be a man named Reinaldo Martinez, born in Puerto Rico, on a 11-4-93 Passport application to the Department of State. A State Department Investigation, outlined in the 1-26-96 memo enclosed, was able to encounter the real Reinaldo Martinez on 9-16-95 and obtain the sworn statement enclosed. This subject has also made false claims to USC to several INS, DHS/BICE Officers, including a 2-3-95 claim to SA Mark Furtado and a 2-8-03 documented claim to SA Rick Deasy (Documented with birth cert in File). This subject has compiled a lengthy and violent criminal history including the following convictions in Providence, RI: a 9-24-93 conviction for possession of marijuana with a 1 year suspended sentence, a 12-12-94 conviction for Assault with a

Alien has been advised of communication privileges. ________ (Date/Initials)

CORT BURKE
SPECIAL AGENT
(Signature and Title of INS Official)

Distribution:
1-file
1-log

Received: (Subject and Documents) (Report of Interview)
Officer: CORT BURKE
on: ________ 19 ___ at ________ (time)
Disposition: Warrant of Arrest/Notice to Appear
Examining Officer: MARK NELLIGAN