George J. West, Esq.
One Financial Plaza - Suite 1500
Providence, RI 02903
Tel. 401-861-9042
Fax 401-861-0330

Attorney for Petitioner

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| REINALDO MARTINEZ, A.K.A., SILO ROSARIO,<br><br>Petitioner,<br><br>and<br><br>ALBERTO GONZALES, UNITED STATES ATTORNEY GENERAL et al.,<br><br>Respondent | Case No.: C.A. 05-112S<br><br>APPLICATION FOR BAIL |

Now comes the Petitioner and moves that this court enter an order setting a bail hearing in connection with the Petitioner's pending Habeas Corpus proceeding.

Petitioner submits his attached Memorandum of Law in support thereof.

By his Attorney,

One Financial Plaza
Suite 1500
Providence, RI 02903
Tel. 401-861-9042
Fax 401-861-0330
George J. West, Esq.

Certificate

I hereby certify I mailed a copy of the foregoing to Robin Feder, Esq. Assistant United States Attorney, Fleet Center 50 Kennedy Plaza, Eighth Floor Providence, RI 02903 this 31st day of May 2005.

George J. West, Esq.
One Financial Plaza - Suite 1500
Providence, RI 02903
Tel. 401-861-9042
Fax 401-861-0330

Attorney for Petitioner

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| REINALDO MARTINEZ, A.K.A., SILO ROSARIO,<br>Petitioner,<br>and<br>ALBERTO GONZALES, UNITED STATES ATTORNEY GENERAL et al.,<br>Respondent | Case No.: C.A. 05-112S<br><br>MEMORANDUM OF LAW IN SUPPORT OF HIS APPLICATION FOR BAIL |

The District Court has inherent power to release petitioner on bail during the pendency of the instant matter. United States v. Evans 2 F. 147, 152 (C.C.-W.D. Tenn. 1880). Marina v. Vasquez, 812 F.2d 499, 507 (9th Cir. 1987) (citing authority). This power flows from this court's power to grant the Writ of Habeas Corpus itself and thereby regulate the government's exercise of custody over its citizens. Id.

To establish a right to release on recognizance or surety the petitioner must demonstrate (1)that the petition presents "a

substantial question" as to the constitutionality of the Petitioner's detention. Aronson v. Mar, 85 S.Ct. at 5) (Douglas, Circuit Justice in Chambers). (2) That a denial of bail could leave the petitioner without a remedy given how much time will be expended adjudicating his substantial claims or given other extraordinary circumstances…that make the grant of bail necessary to effectuate the habeas remedy. Interi v. Nardoza, 662 F.2d @161. on that there is little risk that the petitioner will flee given the conditions or surety the court may impose.

Nickerson v. Roe, 2000 W.L. 33381022 (N.D. Cal. Dec. 11, 2000). Here, clearly as Petitioner has clearly set forth his Puerto Rican parentage and submitted a copy of his birth certificate, he has demonstrated a substantial constitutional question of forcing a U.S. citizens to be incarcerated pending a removal proceeding. Nowhere is the case law supporting Habeas intervention on behalf of a citizen repudiated. He has been connected to this state for years and actively seeks this court's assistance in clarifying his citizenship. There is no logic to the notion that he would flee. In the past, he has been previously released by the INS pending their own investigations. Even in the face of INS scrutiny Petitioner remained and faced his parole revocation proceeding.

The Petitioner respectfully submits he should be admitted to bail pending resolution of his Habeas petition.

By his Attorney,

One Financial Plaza
Suite 1500
Providence, RI 02903
Tel. 401-861-9042
Fax 401-861-0330
George J. West, Esq.

Certificate

I hereby certify I mailed a copy of the foregoing to Robin Feder, Esq. Assistant United States Attorney, Fleet Center 50 Kennedy Plaza, Eighth Floor Providence, RI 02903 this 31st day of May 2005.