George J. West, Esq.
One Financial Plaza - Suite 1500
Providence, RI 02903
Tel. 401-861-9042
Fax 401-861-0330

Attorney for Petitioner

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| REINALDO MARTINEZ, A.K.A., SILO ROSARIO,<br>Petitioner,<br>and<br>ALBERTO GONZALES, UNITED STATES ATTORNEY GENERAL et al.,<br>Respondent | Case No.: C.A. 05-112S<br>OBJECTION TO MOTION TO DISMISS |

Habeas Corpus review of a final order of removal is not what is at issue in the instant matter and, therefore, the petition is unaffected by the Real ID Act of 2005 (REID Real ID Act) P..L. No. 109-13, Div. B, 119 Stat. 231, 302. Clearly the cases cited infra relate to the right of a citizen to bring a Habeas petition to establish his citizenship. A wholly different undertaking than an alien challenging an order of removal.

Demore v. Kim, 538 U.S. 510, 123 S.Ct. 1708 (US 2003) is similarly distinguished as the facts in issue involved a lawful permanent resident's alien habeas petition challenging the no bail provision of immigration removal proceedings against him.

The court in Demore established that the Supreme Court retained power to grant Habeas relief, and that brief detention of an alien pending removal proceeding was permissible without an individualized determination as to whether aliens presented flight risks and thus due process was not violated. Demore 538 U.S. 510, 123 S.Ct. 1708 (U.S. 2003). However, unlike Demore the current Habeas petition relates to the right of a U.S. citizen to be free of challenges to that citizenship and further be free from incarceration pending U.S. District Court review of his claim of citizenship. Demore does not speak to that issue at all. Indeed, the government seeks to superimpose on Habeas Corpus jurisprudence the same attendant to the I.N.A.

The petitioner, Reinaldo Martinez Jr., A.K.A., Silo Rosario, is a citizen and national of the United States. He was born on March 3, 1966 in Bayamon Puerto Rico. He brings this Habeas Corpus Petition to restrain and enjoin the United States' Bureau of Immigration and Customs Enforcement an Agency within the Department of Homeland Security from detaining him beyond his release date of May 21, 2005 from the custody of the State of Rhode Island and from processing him as an alien. This court has determined to treat the within action as a petition for

habeas corpus pursuant to 18 USC § 2241. The United States moved to dismiss the action under that section. The action is properly brought pursuant to 18 USC §2241.[1] In Frank vs. Rogers 253 F. 2d 889,892 102 U.S. App. D.C. 367 (D.C. Cir. 1958) "In habeas corpus, as we have noted, the issue of the citizenship of a person sought to be deported has always been subject to inquiry, and on such an issue the petitioner in habeas corpus is entitled to a judicial trial de novo. Ng Fung Ho v. White,259 U.S. 276, 42 S. Ct. 492, 66 L.Ed. 938 (1922), and Kessler v. Strecker 307 U.S. 22, 35, 59 S.Ct. one3 L.Ed. 1082 (1939) See also Rivera v. Ashcroft 394 F.3d 1129,1140 (9th Cir. 2004,2005 amended) upholding District Court jurisdiction to entertain Habeas Corpus petition and trial de novo on issue of citizenship. See also Minasyan v. Gonzales 401 F.3d 1069, 1074 (9th Cir. 2004)upholding Circuit Court review of question of citizenship and potential remand to District Court for questions of fact thereon. Exhaustion of remedies in the administrative process is not required in the context asserting United States citizenship in Habeas matter. Frank vs. Rogers 253 F. 2d 889,892

---

[1] See order granting motion to appoint counsel entered by United States Magistrate Judge David L. Martin dated April 14, 2005 appointing counsel in habeas corpus proceeding as well is undated order of the District Court requiring the government to respond before April 20, 2005.

102 U.S. App. D.C. 367 (D.C. Cir. 1958)[2] In Minasyan v. Gonzales 401 F.3d 1069, *1074 -1075 (C.A.9,2005)the court held:

> For a court to review a final order of removal an alien must typically exhaust all administrative remedies available to the alien as of right. 8 U.S.C. § 1252(d)(1); *see Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that § 1252 "generally bars us, for lack of subject-*1075 matter jurisdiction, from reaching the merits

---

[2] In habeas corpus, as we have noted, the issue of the citizenship of a person sought to be deported has always been subject to inquiry, and on such an issue the petitioner in habeas corpus is entitled to a judicial trial de novo. Ng Fung Ho v. White, supra; Kessler v. Strecker, supra, 307 U.S. at page 35, 59 S.Ct. at page 700. [FN4] The present suit is not, of course, a petition for habeas corpus: it seeks review under Section 10 of the Administrative Procedure Act. But clearly the same considerations should govern. The Supreme Court has held that habeas corpus is not the sole remedy available to an excluded alien under the 1952 Act: he can bring suit for a declaratory judgment under Section 10 of the Administrative Procedure Act, and can secure relief of the same scope on the merits as habeas corpus would provide. Brownell v. We Shung, 1956, 352 U.S. 180, at pages 183-184, 286, 77 S.Ct. 252, 1 L.Ed.2d 225. Parity of reasoning calls for a similar result in deportation cases. See Rubinstein v. Brownell, 1953, 92 U.S.App.D.C. 328 206 F.2d 449, affirmed by an equally- divided Court, 1954, 346 U.S. 929, 74 S.Ct. 319, 98 L.Ed. 421; United States ex rel. Brzovich v. Holton, 7 Cir., 1955, 222 F.2d 840. Cf. Cruz-Sanchez v. Robinson, 9 Cir., 1957, 249 F.2d 771. Frank v. Rogers 253 F.2d 889, *892, 102 U.S.App.D.C. 367, **370 (C.A.D.C. 1958)

of a legal claim not presented in administrative proceedings below"). However, a claim to citizenship need not be exhausted. *Rivera v. Ashcroft,* 394 F.3d 1129 (9th Cir.2005). [FN9] As we explained in *Rivera:*

FN9. In *Taniguchi v. Schultz,* 303 F.3d 950 (9th Cir.2002), we declined to consider a patently frivolous claim to citizenship. *See Rivera,* 394 F.3d at 1138 (distinguishing *Taniguchi* ).

The executive may deport certain aliens but has no authority to deport citizens. An assertion of U.S. "citizenship is thus a denial of an essential jurisdiction fact" in a deportation proceeding. *Ng Fung Ho v. White,* 259 U.S. 276, 284, 42 S.Ct. 492, 66 L.Ed. 938 (1922); *see also Frank v. Rogers,* 253 F.2d 889, 890 (D.C.Cir.1958) ("Until the claim of citizenship is resolved, the propriety of the entire proceeding is in doubt.").
*Id.* at 1136. As in *Rivera,* if the government's argument that exhaustion is required were correct, **"it would be possible to unintentionally relinquish U.S. citizenship.... The Constitution does not permit American citizenship to be so easily shed."** *Id.* Thus, "[t]he statutory administrative exhaustion requirement of § 1252(d)(1) does not apply" to "a person with a non-frivolous claim to U.S. citizenship" even if he has previously been (illegally) deported by the government. *Id.* at 1140. *See also Moussa v. INS,* 302 F.3d 823, 825 (8th Cir.2002) (holding that the exhaustion requirement of § 1252(d)(1) applies "only to an 'alien' " "challenging a final order of removal" and not to " 'any person.' "). Because Minasyan's claim to citizenship is not patently frivolous, we have jurisdiction to review it, irrespective of whether he has exhausted his claim before the agency.
(bold added)

In the order granting appointment of counsel the Magistrate Judge states clearly his first review was to determine whether

the petitioner presented a nonfrivolous claim prior to appointing counsel. Here counsel was duly appointed.[3]

The petitioner's official release date was May 21, 2005 and he has an Immigration Detainer lodged with an A# 73522467. He is now in the custody of the Bureau. Pursuant to information and belief the petitioner was sent to immigration court on Monday, May 23, 2005. Further, he has been ordered detained at the Wyatt Detention Facility. He is therefore in the custody of immigration officials at this time. The fact that he was not in such custody previously could not damage his petition. Formalistic requirements have been downplayed by courts who now look at petitioner's rights being impacted. Barnett V. Hargut, 174 F.3d 1128, 1131, 1133 10th Cir. 1999)

The petitioner in this action has supplied copies of his birth certificate from Puerto Rico as well as the names of his parents. In May of 2003 the government on forms in the name of the Immigration and Naturalization Service brought a petition for removal against the petitioner. There is no reason to believe that they will not proceed on said petition at this time. In that petition the government alleges that the petitioner is a native of the Dominican Republic. The government continues to persist in such assertion

---

[3] The government has objected to said appointment, but in the view of one judicial officer the petitioner has presented a non-frivolous claim.

notwithstanding the material supplied to the government by the petitioner pursuant to the attachment to the plaintiff's complaint. Officials at the adult correctional institution were able to receive a demographic registry document from Puerto Rico verifying the authenticity of the birth certificate attached to the complaint and the petitioner's father's name, to wit: Reinaldo Martinez.

Summary dismissal is a drastic remedy and disfavored. Lewis v. New York, 547 F2d 4,5-6 (2d Cir. 1976). In Blackledge v. Akison, 431 U.S. 63 (1977), the U.S. Supreme Court held that "the critical question" which must be answered affirmatively to justify summary dismissal is whether the allegations, when viewed against the record [available to the court are] so palpably incredible so …frivolous or false as to warrant summary dismissal. Id at 75-76.

Here no such circumstance exists. Petitioner has suggested his actual parentage and proffered a birth certificate which the Adult Correctional Institution verified as being at least a true copy of a birth record. The petition ought not be summarily decided.

Dated this 31st day of May, 2005

One Financial Plaza
Suite 1500
Providence, RI 02903
Tel. 401-861-9042
Fax 401-861-0330
George J. West, Esq.

Certificate

I hereby certify I mailed a copy of the foregoing to Robin Feder, Esq. Assistant United States Attorney, Fleet Center 50 Kennedy Plaza, Eighth Floor Providence, RI 02903 this 31st day of May 2005.