George J. West, Esq.
One Financial Plaza - Suite 1500
Providence, RI 02903
Tel. 401-861-9042
Fax 401-861-0330

Attorney for Petitioner

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| REINALDO MARTINEZ, A.K.A., SILO ROSARIO,<br><br>Petitioner,<br><br>and<br><br>ALBERTO GONZALES, UNITED STATES ATTORNEY GENERAL et al.,<br><br>Respondent | Case No.: C.A. 05-112S<br><br>MEMORANDUM OF LAW IN SUPPORT OF APPOINTMENT OF COUNSEL IN HABEAS MATTER |

Counsel in this matter was appointed by U.S. Magistrate Judge, David L. Martin, under statutory authority granted to him under 18 USC § 3006 (A) (1994). Nowhere in the statute is there a review feature of that authority by an Article 3 Judge. The court is listed in the said statute in the alternative to make such appointment, i.e. pretrial motions subject to review pursuant to Federal Rules of Civil Procedure Rule 72(a). This is not the sort of matter referred for recommendation. The court could upon finding that the petitioner is no longer

indigent then remove counsel. Similarly, the court could dismiss the action. However, there appears no basis for overturning the decision of the Magistrate Judge acting on his statutory authority.

In this matter counsel has been appointed pursuant to the Criminal Justice Act 18 U.S.C. § 3006A (1994). Magistrate Judge Martin appointed counsel based on the complexity of the legal and factual issues involved as evidenced by the tow different interpretations of the case by two judicial officers. See Memorandum Order. Such appointment where a defendant claims U.S. citizenship and is forced to suffer removal proceedings is proper. As the Ninth Circuit has noted, prospective federal habeas corpus petitions are "often illiterate or poorly educated" and need….representation to decipher a complex maize of jurisprudence and determine which of their constitutional rights have been violated. Brown v. Vasquez, 952 F2d 1164, 1165, 1167 (9th Cir.) Cert demed 505 U.S. 1011 (1992) (decisions holding limited capital cases.)

In this case a financially eligible person may have counsel in a case arising under the federal habeas corpus statement whenever the United States magistrate judge or the court determines that the interest of justice so requires. 18 U.S.C. § 3006 (A) (a)(2)(B)(1994). See Erving V. Rodgers, 826 F2d. 967, 971 (10th Circ. 1987). Powell v. Livesay, 660 F.Supp. 82, 84 (M.D. Tenn. 1987).

The House report on § 3006 (a)(a)(2)(B) is predecessor. §3006 A(g) recognizes that habeas corpus and similar proceedings often present serious and complex issues of law and fact of a sort requiring assistance of counsel. In discussing the discretion given in the predecessor of § 3006 A(2)(B) the congressional report on the provision states that the court "should" appoint counsel when "necessary to insure a fair hearing". H.R. Rep. No. 1546.

Cases of factual and legal complexity in the habeas context have been generally endorsed, the appointment of counsel to represent indigent and legally unsophisticated persons. Machin v. Frealre, 650 F2d at 888.

Dated this 31st day of May, 2005

One Financial Plaza
Suite 1500
Providence, RI 02903
Tel. 401-861-9042
Fax 401-861-0330
George J. West, Esq.

Certificate

I hereby certify I mailed a copy of the foregoing to Robin Feder, Esq. Assistant United States Attorney, Fleet Center 50 Kennedy Plaza, Eighth Floor Providence, RI 02903 this 31st day of May 2005.