**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| REINALDO MARTINEZ, a/k/a SILO ROSARIO [A73 522 467] Petitioner | ) | |
| v. | ) | C.A. No. 05-112S |
| ALBERTO GONZALES, ATTORNEY GENERAL, ET AL. Respondent | ) | |

**RESPONDENTS' OBJECTION TO REQUEST FOR BAIL AND IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

Respondents object to petitioner's application for bail and submit further support for their motion to dismiss, as set forth more fully in the attached memorandum of law.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER (#3415)
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 528-5477

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 25th day of July, 2005, a copy of the within was mailed and sent via facsimile as follows:

George West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903
fax 861-0330

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| REINALDO MARTINEZ, | ) | |
| a/k/a SILO ROSARIO [A73 522 467] | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | C.A. No. 05-112S |
| | ) | |
| ALBERTO GONZALES, ATTORNEY | ) | |
| GENERAL, ET AL. | ) | |
| Respondent | ) | |

**RESPONDENTS' MEMORANDUM IN SUPPORT OF ITS OBJECTION TO REQUEST FOR BAIL AND IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

In support of its objection to petitioner's application for bail and in further support of its motion to dismiss, respondents submit this memorandum.

## A. EXHAUSTION OF REMEDIES REQUIREMENT

As noted in the motion to dismiss (but not highlighted), a recent First Circuit case provides solid support for the proposition that petitioner must exhaust administrative remedies before seeking judicial review. Sayaha v. Ashcroft, 382 F.3d 20 ( 1st Cir. 2004).

## B. HABEAS JURISDICTION IS FORECLOSED

On May 11, 2005, the President signed into law the Real ID Act of 2005 (Real ID Act or Act), Pub. L. No. 109-13, Div. B, 119 Stat. 231, 302. The Real ID Act prevents this Court from exercising jurisdiction over the claims in this case. There is no longer habeas jurisdiction in this Court over the claims of criminal aliens. That jurisdiction has been transferred to the Courts of Appeal.

While the Real ID Act eliminates habeas corpus review of final orders of removal and prescribes that judicial review is available only through a petition for review in the courts of appeals, the Act also expands the jurisdiction of the courts of appeals to hear petitions for review. Prior to the Real ID Act, aliens who had been ordered removed or in removal proceedings based on their conviction of an aggravated felony were jurisdictionally barred from obtaining direct review of their removal proceedings or orders in the courts of appeals. See 8 U.S.C. 1252(a)(2)(C) (2000). The Real ID Act amends the law by allowing all aliens, including aliens whose removal orders are predicated on their conviction of an aggravated felony, to file a petition for review in the appropriate court of appeals raising legal challenges to a final order of removal. See Real ID Act § 106(a)(1)(A)(iii), 119 Stat. 310 (adding new 8 U.S.C. 1252(a)(2)(D)).

Section 106(a) of the Real ID Act eliminates habeas corpus review of final orders of removal, and makes clear that the sole means of obtaining judicial review of a final order of removal is through a petition for review in the court of appeals pursuant to 8 U.S.C. 1252(a). In particular, the Real ID Act adds a new provision, codified at 8 U.S.C. 1252(a)(5), which states:

> EXCLUSIVE MEANS OF REVIEW -- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 18, United States Code, or any other habeas corpus provision, * * * a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal issued or entered under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision * * * .

Real ID Act § 106(a)(1)(B), 119 Stat. 310.[1]

In addition, the REAL ID Act amended INA Section 242 subsection (g), by inserting "(statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title" after "notwithstanding any other provision of law". Thus, the provision that read:

> (g) Exclusive jurisdiction. Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to *commence proceedings*, adjudicate cases or execute removal orders against any alien under this Act.

now reads:

> (g) Exclusive jurisdiction. Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to *commence proceedings*, adjudicate cases or execute removal orders against any alien under this Act.

(Emphasis supplied). It is thus clear that the jurisdiction-stripping provisions of section 242(g) now bar petitioner's claim in this Court[2].

---

[1] The provision states that the general prohibition against habeas review of removal orders is subject to an exception "as provided in subsection (e)," i.e., 8 U.S.C. 1252(e). Section 1252(e) permits habeas review in certain circumstances of removal orders issued under 8 U.S.C. 1225(b)(1), which allows an immigration officer to order the removal of an alien who is inspected for admission upon arrival in the United States and is determined to be inadmissible. Such removal orders are not subject to judicial review except through habeas corpus proceedings.

[2] Even without the amendment to 242(g), it is common sense that a provision which expressly divests district courts of habeas jurisdiction to review removal orders also forecloses habeas petitions that challenge detention purely on the ground that the alien is not removable.

For all of the foregoing reasons, as well as the reasons set out in the Government's memorandum in support of its motion to dismiss and its memorandum and supplemental memorandum in opposition to the request for temporary restraining order, the request for injunctive relief should be denied, and the petition dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 25th day of July, 2005, a copy of the within was mailed and sent via facsimile as follows:

George West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903
fax 861-0330