**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| REINALDO MARTINEZ,<br>a/k/a SILO ROSARIO [A73 522 467]<br>Petitioner | ) | |
| v. | ) | C.A. No. 05-112S |
| ALBERTO GONZALES, ATTORNEY<br>GENERAL, ET AL.<br>Respondent | ) | |

**RESPONDENTS' POST-HEARING MEMORANDUM**

Following the July 26, 2005, hearing on Respondents' Motion to Dismiss, Respondents' Objection to the Appointment of Counsel and Petitioner's Bail Application, the Court invited further briefing relative to the recently-enacted Real ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, 302, in light of its elimination of habeas review in the immigration context. Respondents, accordingly, submit this memorandum.

**A. AVOIDANCE OF CONSTITUTIONAL QUESTIONS**

Rather than undertake the evaluation of an issue with potentially constitutional dimensions, respondents urge the Court to decide the case on any or all of the other grounds raised in their motion to dismiss and other pleadings. "If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality unless such adjudication is unavoidable." New York City Transit Authority v. Beazer, 440 U.S. 568 (1979); "[F]ederal courts ordinarily should withhold decision on vexing constitutional questions until consideration of those questions becomes

necessary." See also, Antilles Cement Corporation v. Acevedo Villa, 408 F. 3d 41, 45 (1st Cir. 2005) ("The district court, perhaps led astray by the parties, ventured to resolve this case by plunging into this complex and largely undeveloped area of constitutional law. In doing so, however, the court failed to consider two antecedent statutory issues that have the capacity either to eliminate the need for vexing constitutional adjudication or to narrow the constitutional question."); and Eulitt v. Maine Department of Education, 386 F. 3d 344 (1st Cir. 2004).

A number of grounds have been briefed by respondents which will dispose of this matter, including, *inter alia*, the failure to exhaust administrative remedies, the failure to serve, and the naming of improper respondents. As the Court lacks jurisdiction to entertain petitioner's factual claim that he is a United States citizen before he has exhausted his administrative remedies, this is a particularly strong basis on which to dismiss the complaint. See, *e.g.*, Sayaha v. Ashcroft, 382 F.3d 20 (1st Cir. 2004).

**B. THE ELIMINATION OF HABEAS REVIEW**

As noted in prior pleadings, to the extent petitioner challenges the decision or action by the Attorney General to commence proceedings, adjudicate cases or execute removal orders, his action is barred by the Real ID ACT, *supra*. INA § 242(g), as amended. Respondents do not suggest that a pure detention challenge is similarly barred[1]. In this case, however, petitioner appears to challenge more than his detention. He challenges, on the ground that he is a United States citizen, the commencement of proceedings against him, as well as his concomitant

[1] Respondents have stated previously that it seems apparent that a provision which expressly divests district courts of habeas jurisdiction to review removal orders also forecloses habeas petitions that challenge detention purely on the ground that the alien is not removable, but did not argue or intend to suggest that habeas relief for questions of detention, without more, cannot be reviewed.

detention. In INS v. St. Cyr, 533 U.S. 289, 297 (2001), the United States Supreme Court discussed a prior attempt by Congress to eliminate habeas review for certain criminal aliens, and found it unavailing in several respects. Much of the problem was caused by eliminating all possibility of review and not providing an alternate avenue of review. Id. at 305 ("It necessarily follows that a serious Suspension Clause issue would be presented if we were to accept the INS' submission that the 1996 statutes have withdrawn that power from federal judges and provided no adequate substitute for its exercise."). Under the Real ID Act, that is no longer the case. Aliens, even criminal aliens, may seek judicial review in the courts of appeals via a petition for review of an administrative decision. INA § 242(a)(2), as amended ("Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.").

Moreover, St. Cyr raised a pure question of law, Martinez, in the case *sub judice*, raises a question of fact - whether he is a United States citizen. St. Cyr, at 2282-83. In all respects, petitioner's claim is one that should be determined administratively, providing the Court with a record developed by the agency with expertise to make such determinations.

> The agency, like a trial court, is created for the purpose of applying a statute in the first instance. Accordingly, it is normally desirable to let the agency develop the necessary factual background upon which decisions should be based. And since agency decisions are frequently of a discretionary nature or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that exercise.

McKart v. United States, 395 U.S. 185, 193-94 (1969). Petitioner represented, during the July

26, 2005 hearing, that a decision regarding his citizenship was expected from the Immigration Court when it next convened his case on August 5, 2005 [2]. There is thus even greater reason to defer to the expertise of the agency.

criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons such as respondent be detained for the brief period necessary for their removal proceedings." Id. at 513. Petitioner's claim of United States citizenship was properly raised as a defense to those proceedings and will be ruled on therein. Additionally, it should be noted in this regard that petitioner could have filed an original proceeding under INA § 360(a) to assert his citizenship, but that avenue was foreclosed to him upon institution of the removal proceedings. Id. at 360(a)(1), (2).

## C. DISMISSAL RATHER THAN TRANSFER

During the July 26, 2005, hearing, this Court inquired whether transfer or dismissal were preferable to respondents. Inasmuch as transfer (under the auspices of the Real ID Act) to the Court of Appeals would necessitate further pleadings (and a dismissal) in the Court of Appeals, on the issue of petitioner's failure to exhaust his administrative remedies, respondents respectfully suggest that, in the interest of judicial economy, the entire matter be dismissed and a petition for review filed with the Court of Appeals, if and when a final order of removal is entered.

---

[2] Respondents note that this was three days before the filing of this memorandum.

For all of the foregoing reasons, as well as the reasons set out in respondents' memorandum in support of their motion to dismiss; memorandum and supplemental memorandum in opposition to the request for temporary restraining order; and their memorandum in opposition to the request for bail, the petition should be dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 8th day of August, 2005, a copy of the within was mailed and sent via facsimile as follows:

George West, Esq.
One Financial Plaza, Suite 1500
Providence, RI 02903
fax 861-0330