UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

```
_____
                               )
Reinaldo Martinez, a/k/a       )
Silo Rosario,                  )
                               )
          Plaintiff,           )
                               )
     v.                        )    C.A. No. 05-112S
                               )
Alberto Gonzales,              )
as United States Attorney      )
General, and Condoleeza Rice,  )
as United States Secretary     )
of State,                      )
                               )
          Defendants.          )
_____)
```

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

I.  Introduction

Before this Court is a Petition for Habeas Corpus brought by Reinaldo Martinez, a/k/a Silo Rosario ("Petitioner"),[1] wherein Petitioner challenges his removal proceedings and detention on the ground that he is a United States citizen. Respondents have moved to dismiss this action arguing that, among other things, Petitioner has failed to exhaust his administrative remedies. For the reasons set forth below, Respondents' motion is granted.

---

[1] Because the instant action has been construed as a petition for habeas corpus, this Court will refer to the parties as "Petitioner" and "Respondents."



II. Background

On May 20, 1996, Petitioner was convicted in the Superior Court of Providence County of possession with intent to deliver cocaine, and sentenced to a term of approximately eleven years.[2] While incarcerated at the Adult Correctional Institution ("ACI") in Cranston, Rhode Island, Petitioner received a Notice to Appear before an Immigration Judge ("IJ"), dated May 6, 2003, charging him with being subject to removal on grounds of entering the country without being admitted, trafficking in a controlled substance, and falsely representing himself as a United States citizen. Thereafter, on June 4, 2003, the Bureau of Immigration and Customs Enforcement ("BICE")[3] filed a detainer with the ACI, informing them that BICE would assume custody over Petitioner upon the expiration of his sentence.[4]

---

[2] According to the pleadings, prior to the 1996 cocaine conviction, Petitioner had been convicted of four other offenses in Rhode Island state court, including possession of marijuana, assault with a dangerous weapon, domestic assault, and escape.

[3] The Immigration and Naturalization Service ("INS") was incorporated into the Department of Homeland Security on March 1, 2003, and INS responsibilities are now divided among BICE (which is responsible for carrying out deportation), the Bureau of Citizenship and Immigration Services, and the Bureau of Customs and Border Protection.

[4] "Filing a detainer is an informal procedure in which the INS informs prison officials that a person is subject to deportation and requests that officials give the INS notice of the person's death, impending release, or transfer to another institution."

2

As his ACI release date drew near, Petitioner filed (pro se) a "COMPLAINT FOR DECLARATION JUDGMENT OF UNITED STATES NATIONALITY," dated March 2, 2005, claiming that he is a United States citizen and, therefore, should not be subjected to detention and removal proceedings. This Court construed his filing as a petition for habeas corpus pursuant to 28 U.S.C. § 2241, and ordered the Government to respond. On April 28, 2005, Respondents filed a Motion to Dismiss on the following grounds: (1) Petitioner was not in United States custody when he filed his petition; (2) Petitioner named improper Respondents; (3) Petitioner failed to properly serve the United States; and (4) Petitioner failed to exhaust his administrative remedies prior to filing his federal petition.

On May 23, 2005, Petitioner was released into the custody of BICE. Thereafter, on July 26, 2005, this Court heard arguments on Respondents' dismissal motion. At the hearing, the Court learned that the IJ's final administrative decision concerning Petitioner's removal was scheduled for August 5, 2005. Counsel for Respondents has recently notified the Court that the August 5, 2005 hearing has been continued until September 16, 2005.

III. Discussion

Federal courts are courts of limited jurisdiction, and as such, must dismiss an action upon determining that subject matter

---

Giddings v. Chandler, 979 F.2d 1104, 1105 n.3 (5th Cir. 1992).

jurisdiction is lacking. Furthermore, the party seeking to invoke a federal court's jurisdiction, which in this case is Petitioner, carries the burden of proving its existence. See Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). Respondents contend that Petitioner's failure to exhaust his administrative remedies bars this habeas corpus action.[5] While Petitioner is due to receive a final administrative decision from the IJ shortly, that fact does not obviate the need to address the question of whether this Court has subject matter jurisdiction over this petition.

A. Statutory Exhaustion

Respondents argue that 8 U.S.C. § 1252(d)(1)'s exhaustion requirement deprives the Court of jurisdiction to review Petitioner's claim that he is a United States citizen. Section 1252(d) states, in relevant part:

A court may review a final order of removal only if–

> (1) the alien has exhausted all administrative remedies available to the alien as of right, and
> (2) another court has not decided the validity of the order, unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding or that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order.

---

[5] Petitioner's pro se status at the time he initiated this litigation, coupled with the fact that he is currently in United States custody at the Wyatt Detention Center, explain the first three deficiencies pleaded by Respondents. These deficiencies would be easily cured by the filing of a new petition and, therefore, do not necessitate further discussion here.

4

8 U.S.C. § 1252(d).[6]

Given that Petitioner has not completed the administrative review process in immigration court (i.e., he has not received his final decision from the IJ and availed himself of his appellate rights with the Board of Immigration Appeals ("BIA")), the threshold requirements for federal court jurisdiction appear to be lacking. Moreover, the First Circuit has clearly held that § 1252(d)'s exhaustion requirement is jurisdictional and "applies broadly to all forms of court review of final orders of removal, including habeas corpus." See Sayyah v. Farquharson, 382 F.3d 20, 26 (1st Cir. 2004) (finding statutory exhaustion barred review where petitioner failed to appeal removal order to BIA).

Petitioner first cites two Ninth Circuit decisions for the proposition that exhaustion is not required when asserting United States citizenship in a habeas matter. See Rivera v. Ashcroft, 394 F.3d 1129, 1139 (9th Cir. 2005); Minasyan v. Gonzales, 401 F.3d 1069, 1075 (9th Cir. 2005). In Rivera, the Ninth Circuit decided the district court erred in finding the petitioner's habeas corpus petition was jurisdictionally barred by his failure to appeal the IJ's decision to the BIA. Of apparent importance to the Rivera court was a finding that the petitioner's claim was "not patently

---

[6] An IJ's decision becomes administratively final after either the expiration of the time to appeal the decision or the conclusion of any filed appeals with the Board of Immigration Appeals. See 8 C.F.R. § 1003.39.

5

frivolous," the petitioner had not clearly understood his BIA appellate rights when instructed by the IJ, and the petitioner had already been deported to Mexico by the time he filed his petition in federal court. Therefore, <u>Rivera</u> presented a situation where a denial of the habeas petition on exhaustion grounds would have ultimately precluded the petitioner from seeking any administrative or judicial review. Relying on <u>Rivera</u>, the Ninth Circuit in <u>Minasyan</u> determined that the circuit court (not the district court) had jurisdiction to hear the petitioner's citizenship claim even though the petitioner had not appealed a decision of the District Director to the Administrative Appeals Unit.

The Court does not find these cases persuasive. For one, their holdings appear to run counter to the First Circuit's holding in <u>Sayyah</u> that exhaustion generally applies to habeas corpus petitions. Furthermore, the procedural postures of <u>Rivera</u> and <u>Minasyan</u> are quite different from the present case. Here, unlike <u>Rivera</u> and <u>Minasyan</u>, Petitioner has not yet received a final decision from the IJ or BIA. Nor are there any circumstances indicating Petitioner will be deprived of the opportunity to appeal any adverse decision by the IJ to the BIA, and then bring his citizenship claim to the United States Courts pursuant to the procedures set forth in 8 U.S.C. § 1252(b)(5).[7]

---

[7] Entitled "Treatment of nationality claims," § 1252(b)(5) states:

Petitioner's second defense is that § 1252(d)'s administrative exhaustion requirement only applies to habeas corpus petitions challenging a final order of removal; because he challenges his detention and determination of alienage based upon United States citizenship (not his removal), the exhaustion requirement should not apply to his proceedings. In the absence of any supporting authority from Petitioner,[8] the Court finds persuasive the Third Circuit's holding in Duvall v. Elwood, 336 F.3d 228 (3d Cir. 2003)

---

(A) Court determination if no issue of fact

If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.

(B) Transfer if issue of fact

If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.

(C) Limitation on determination

The petitioner may have such nationality claim decided only as provided in this paragraph.

---

[8] "A litigant cannot ignore [his] burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks." United States v. Slade, 980 F.2d 27, 31 (1st Cir. 1992).

that § 1252(d)'s exhaustion requirement applies even when there is no final order of removal and the underlying challenge is to detention. As the Duvall court explained:

> Duvall claims that she is not seeking a review of a "final order of removal." It is obvious that she cannot because, as she admits and as we have noted, no such final order has ever been issued. Duvall claims further that she is only seeking to review her detention by the Service – a detention from which she has been released. Yet, this deliberate phrasing of her claim, when she is really challenging [a prior determination by the BIA], cannot escape the jurisdictional requirements of § 1252(d)(1).
> A "final order," as the Government points out, has long been understood "'to include[] all matters on which the validity of the final order is contingent.'" INS v. Chadha, 462 U.S. 919, 938, 103 S.Ct. 2764, 77 L. Ed. 2d 317 (1983) (citation omitted) (interpreting § 1105a). Thus, as this court explained in Massieu, "even when an alien is attempting to prevent . . . deportation proceeding[s] from taking place in the first instance and is thus not, strictly speaking, attacking a final order of deportation . . ., it is well settled that 'judicial review is precluded if the alien has failed to avail himself of all administrative remedies,' one of which is the deportation . . . hearing itself." Massieu, 91 F.3d at 421 (citations omitted).

Duvall, 336 F.3d at 233; see also 6 Charles Gordon, Stanley Mailman & Stephen Yale-Loehr, Immigration Law and Procedure § 81.02[2], at 81-26 (2005) ("A person against whom a deportation proceeding is brought may feel that the proceeding is unjustified and illegal but generally has no right to go to court immediately to stop the proceeding. Congress has provided an administrative device for passing upon an alien's deportability, and generally there must be a final administrative ruling before judicial review can be initiated."). Petitioner ultimately desires an initial

8

determination from the Court that he is a United States citizen before the IJ and BIA have had an opportunity to render a final administrative opinion. This Court, however, finds that Petitioner is required to exhaust his administrative remedies pursuant to 8 U.S.C. § 1252(d)(1) prior to seeking federal court relief.

B.  **Common law exhaustion**

Application of the well-established common law doctrine of exhaustion mandates the same result. Exhaustion requirements may be statutory or judicial creations. See McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Subject to judicial discretion, "courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." Id. at 146. Institutional interests include protecting administrative agency authority and promoting judicial efficiency. Id. at 145. Consideration of individual concerns, however, may require courts to not strictly enforce exhaustion if: (1) the requirement subjects an individual to an unreasonable or indefinite time frame for administrative action; (2) the administrative agency lacks the competence to resolve the particular issues presented; or (3) the requirement would be futile because the administrative body is shown to be biased or has predetermined the issue before it. Id. at 146-48.

Here, the threshold question of whether Petitioner is a United States citizen should be determined in the first instance by the

9

IJ, for "[w]hen claims primarily concern questions of fact, the agency has a strong interest in making its own factual record, a factor that in some cases may outweigh the litigant's need for judicial resolution." McLean v. Slattery, 839 F. Supp. 188, 190 (E.D.N.Y. 1993) (internal citation and quotations omitted). Requiring exhaustion in this case will promote judicial efficiency and avoid piecemeal litigation by giving the IJ an opportunity to develop the factual record and, if necessary, allow the BIA to review the record for error and correct any mistakes.

The individual concerns expressed here clearly do not outweigh the policy of allowing the administrative agency the initial opportunity to review Petitioner's citizenship claim. Petitioner's final administrative hearing is currently scheduled for September 16, 2005, a date which provides a reasonable and definite time frame for resolution at the administrative level. Petitioner's citizenship is an issue well within the competence of the immigration courts to decide. And finally, the record does not reveal, nor has any party suggested, a reason to believe that the IJ or BIA are biased or have predetermined Petitioner's citizenship claim.[9]

---

[9] Petitioner's counsel has suggested that this Court should allow the federal proceeding to go forward because Petitioner is not represented by counsel before the IJ. Again, no authority is provided to support this argument. While the Court is not completely unsympathetic to Petitioner's position, there is no provision for appointed counsel at the administrative level.

Accordingly, the circumstances and procedural backdrop of this case lead the Court, in exercising its discretion, to mandate exhaustion of administrative remedies and dismiss this petition for lack of jurisdiction.[10]

IV. Conclusion

In light of the foregoing, Respondents' Motion to Dismiss is GRANTED, Petitioner's Petition for Writ of Habeas Corpus is DENIED, and Petitioner's Application for Bail and Respondents' Objection to Order Granting Motion to Appoint Counsel are DENIED as moot.

IT IS SO ORDERED.

_____
William E. Smith
United States District Judge
Date: 9/12/05

---

Moreover, this Petitioner is not unique in this regard and the agency is no doubt accustomed to pro se litigants.

[10] At the July 26, 2005 hearing, and in supplemental memoranda, the parties discussed the constitutionality of 8 U.S.C. §§ 1252(b)(9) and 1252(g), as amended by the REAL ID Act of 2005, Pub. L. No. 109-13 (the "Act"). Because of this Court's conclusion that Petitioner's action should be independently dismissed for failure to exhaust administrative remedies, it is unnecessary at this time to address Petitioner's broad-based constitutional attack on the potential jurisdiction-stripping effects of the Act. See Eulitt v. Me., Dep't of Educ., 386 F.3d 344, 350 (1st Cir. 2004) ("federal courts should withhold decision on vexing constitutional questions until consideration of those questions becomes necessary"); see also Aggarwal v. Ponce Sch. of Med., 745 F.2d 723, 726 (1st Cir. 1984) ("It has long been a basic tenet of the federal courts to eschew the decision of cases on constitutional grounds unless and until all other available avenues of resolution were exhausted.").